Enrique TORRUELLA-TORRES,
Appellant

v.

FORT DIX FCI; Federal Bureau of
Investigation; United States
Department of Justice

No. 16-4262

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal Pursuant
to 28 U.S.C. § 1915(e)(2)(B) or Sum-
mary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6 February
16, 2017

(Opinion filed: March 9, 2017)

Enrique Torruella-Torres, Pro Se

Before: CHAGARES, VANASKIE and
KRAUSE, Circuit Judges

OPINION *

PER CURIAM

Enrique Torruella-Torres appeals, pro
se and in forma pauperis, the District
Court's sua sponte dismissal of his Bivens
action as time-barred, and denial of leave
to amend. Because no substantial question
is presented, we will summarily affirm.

In October 2016, Enrique Torruella-Tor-
res filed a complaint in the United States
District Court for the District of Delaware.
He alleged that, while incarcerated at FCI
Fort Dix in May 2014, he suffered injuries
at the hands of a former co-defendant
against whom he had previously cooperat-
ed with the government. And he alleged
that his presence in that prison, and subse-
quent injuries, were attributable to the
Department of Justice, Bureau of Prisons,
and Fort Dix Correctional Institution's un-
constitutional conduct. The District Court
sua sponte dismissed the complaint as le-
gally frivolous under 28 U.S.C.
§ 1915(e)(2)(B)(i) and § 1915A(b)(1), hold-
ing that Torruella-Torres' claim was
barred by the applicable statute of limita-
tions. The District Court also denied leave
to amend due to futility. Torruella-Torres
timely appealed.

We have jurisdiction pursuant to 28
U.S.C. § 1291 and exercise plenary review
over the dismissal of Torruella-Torres'
claim as frivolous. See Roman v. Jeffes,
904 F.2d 192, 194 (3d Cir. 1990). The deci-
sion to deny leave to amend is reviewed
for abuse of discretion. Great W. Mining &
Mineral Co. v. Fox Rothschild LLP, 615
F.3d 159, 163 (3d Cir. 2010). We may
affirm on any grounds supported by the
record. Hughes v. Long, 242 F.3d 121, 122
n.1 (3d Cir. 2001).

While the running of the statute of limi-
tations is ordinarily an affirmative defense,
a court may dismiss a time-barred com-
plaint sua sponte if it is obvious from the
face of the complaint and no development
of the record is necessary. See 28 U.S.C.
§ 1915(e)(2)(B)(i); Fogle v. Pierson, 435
F.3d 1252, 1258 (10th Cir. 2006). Bivens
actions are subject to a two-year limita-
tions period in both Delaware and New
Jersey.[1] 10 Del. C. § 8119; N.J.S.A. 2A:14-

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. The District Court considered the limita-
tions period in both states because the com-
plaint was filed in Delaware and the alleged
assault occurred in New Jersey.

2; see also King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000). Bivens claims accrue when the plaintiff knew or should have known of the injury upon which his action is based. Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam) (holding that a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong), abrogated on other grounds by Klehr v. A.O. Smith Corp., 521 U.S. 179, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997).

Torruella-Torres was injured in May 2014. His complaint states that he recognized his co-defendant as one of the perpetrators at that time. Thus he was aware of the existence and source of his injury in May 2014, even though he alleges he only discovered Defendants' unconstitutional conduct later, after an investigation. See Sameric Corp., 142 F.3d at 599; Sandutch, 684 F.2d at 254. So, the two-year limitation period began in May 2014 and expired in May 2016, see Sameric Corp., 142 F.3d at 599, and Torruella-Torres' October 2016 complaint was late. This determination is apparent from the face of the complaint and requires no factual development. See Fogle, 435 F.3d at 1258. Thus the complaint was properly dismissed as time-barred. See id.; 28 U.S.C. § 1915(e)(2)(B)(i); § 1915A(b)(1). Amendment would be futile because nothing Torruella-Torres could state would change the outcome—he knew who injured him when the injury occurred and did not complain until the time to do so had passed. The

District Court was thus within its discretion to deny leave to amend.

Because no substantial question is raised on appeal, we will summarily affirm the District Court's judgment.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.